# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2023

Lyle W. Cayce
Clerk

No. 22-40597
Summary Calendar

_____

Raul Gonzalez,

*Plaintiff—Appellant*,

*versus*

Sergeant Josie Resendez,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-220

_____

Before Jones, Smith, and Ho, *Circuit Judges*.

Per Curiam:[*]

Raul Gonzalez, Texas prisoner # 2104383, sued Sergeant Josie Resendez, an employee of the Texas Department of Criminal Justice (TDCJ), under 42 U.S.C. § 1983, alleging that Resendez ordered the use of excessive force against him in violation of the Eighth Amendment. The

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

district court entered summary judgment for Resendez, finding that Gonzalez had failed to exhaust his available administrative remedies by raising his excessive force claim only at the second step of the TDCJ's two-step grievance process. Gonzalez contends that he exhausted his excessive force claim despite raising it only in his "step two" grievance because (1) TDCJ rules do not require claims to first be raised in a "step one" grievance and (2) the TDCJ denied his "step two" grievance on the merits. Gonzalez further analogizes to Federal Rule of Civil Procedure 15(c), averring that his "step two" grievance effectively related back to his defective "step one" grievance.

We review a summary judgment *de novo*, using the same standard as that employed by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Gonzalez's arguments are unavailing. TDCJ inmates "must pursue a grievance through both steps for it to be considered exhausted." *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The TDCJ's "step one" grievance form explicitly instructs prisoners to state the "who, what, when, and where" of their grievance, which Gonzalez failed to do with respect to his excessive force claim. The "step two" form serves expressly as a means to review the resolution of a prisoner's "step one" grievance; it does not suggest that prisoners may raise new claims for the first time. By raising his excessive force claim only at step two, Gonzalez failed to comply with prison grievance procedures. *See Jones*, 549 U.S. at 218; *cf. Butts v. Martin*, 877 F.3d 571, 583 (5th Cir. 2017).

Gonzalez is also incorrect that his excessive force claim was exhausted because the TDCJ denied his "step two" grievance on the merits. The

No. 22-40597

TDCJ's response to Gonzalez's "step two" grievance focused exclusively on his properly raised claim of improper medical care. The TDCJ did not resolve Gonzalez's complaint of excessive force on substantive grounds. *See Gates v. Cook*, 376 F.3d 323, 331 n.6 (5th Cir. 2004). Lastly, in light of the TDCJ's grievance rules, Gonzalez's reliance on Rule 15(c) is misplaced.

Gonzalez fails to show a genuine and material dispute as to whether he exhausted his available administrative remedies for purposes of § 1983. *See Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). The district court thus correctly entered judgment for Resendez as a matter of law. The judgment is AFFIRMED.